# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| **RAMSEY WILLIAM HARRIS #382516,** | ) |
| | ) |
|     **Plaintiff,** | ) |
| | )    **No. 3:24-cv-00457** |
| **v.** | ) |
| | ) |
| **VINCENT VANTELL**, *et al.*, | ) |
| | ) |
|     **Defendants.** | ) |

## MEMORANDUM OPINION AND ORDER

Ramsey William Harris, an inmate of the West Tennessee State Penitentiary ("WTSP") in Henning, Tennessee, has filed a pro se complaint under 42 U.S.C. § 1983 against Vincent Vantrell and John Doe. (Doc. No. 1).

The complaint is before the Court for an initial review of the complaint pursuant to the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. §§ 1915(e)(2) and 1915A.

## I. APPLICATION FOR LEAVE TO PROCEED IN FORMA PAUPERIS

Plaintiff also filed an Application for Leave to Proceed In Forma Pauperis. (Doc. No. 2). Under the Prisoner Litigation Reform Act (PLRA), 28 U.S.C. § 1915(a), a prisoner bringing a civil action may be permitted to file suit without prepaying the filing fee required by 28 U.S.C. § 1914(a). From a review of Plaintiff's Application, it appears that Plaintiff lacks sufficient financial resources from which to pay the full filing fee in advance. Therefore, his Application (Doc. No. 2) is **GRANTED**.

Under § 1915(b), Plaintiff nonetheless remains responsible for paying the full filing fee. The obligation to pay the fee accrues at the time the case is filed, but the PLRA provides prisoner-plaintiffs the opportunity to make a "down payment" of a partial filing fee and to pay the remainder in

1

installments. Accordingly, Plaintiff is hereby assessed the full civil filing fee of $350, to be paid as follows:

(1) The custodian of Plaintiff's inmate trust fund account at the institution where he now resides is **DIRECTED** to submit to the Clerk of Court, as an initial payment, "20 percent of the greater of – (a) the average monthly deposits to Plaintiff's account; or (b) the average monthly balance in Plaintiff's account for the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(b)(1).

(2) After the initial filing fee is fully paid, the trust fund officer must withdraw from Plaintiff's account and pay to the Clerk of this Court monthly payments equal to 20% of all deposits credited to Plaintiff's account during the preceding month, but only when the amount in the account exceeds $10. Such payments must continue until the entire filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

(3) Each time the trust account officer makes a payment to this court as required by this Order, he or she must print a copy of the prisoner's account statement showing all activity in the account since the last payment made in accordance with this Order and submit it to the Clerk along with the payment. All submissions to the Court must clearly identify Plaintiff's name and the case number as indicated on the first page of this Order, and must be mailed to: Clerk, United States District Court, Middle District of Tennessee, 719 Church Street, Nashville, TN 37203.

The Clerk of Court is **DIRECTED** send a copy of this Order to the administrator of inmate trust fund accounts at the WTSP to ensure that the custodian of Plaintiff's inmate trust account complies with that portion of 28 U.S.C. § 1915 pertaining to the payment of the filing fee. If Plaintiff is transferred from his present place of confinement, the custodian of his inmate trust fund account **MUST** ensure that a copy of this Order follows Plaintiff to his new place of confinement for continued compliance with this Order.

2

## II. SCREENING OF THE COMPLAINT

A. <u>PLRA SCREENING STANDARD</u>

Under 28 U.S.C. § 1915(e)(2)(B), the court must dismiss any portion of a civil complaint filed in forma pauperis that fails to state a claim upon which relief can be granted, is frivolous, or seeks monetary relief from a defendant who is immune from such relief. Section 1915A similarly requires initial review of any "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," <u>id.</u> § 1915A(a), and summary dismissal of the complaint on the same grounds as those articulated in Section 1915(e)(2)(B). <u>Id.</u> § 1915A(b).

The court must construe a pro se complaint liberally, <u>United States v. Smotherman</u>, 838 F.3d 736, 739 (6th Cir. 2016) (citing <u>Erickson v. Pardus</u>, 551 U.S. 89, 94 (2007)), and accept the plaintiff's factual allegations as true unless they are entirely without credibility. <u>See</u> <u>Thomas v. Eby</u>, 481 F.3d 434, 437 (6th Cir. 2007) (citing <u>Denton v. Hernandez</u>, 504 U.S. 25, 33 (1992)). Although pro se pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, <u>Haines v. Kerner</u>, 404 U.S. 519, 520-21 (1972); <u>Jourdan v. Jabe</u>, 951 F.2d 108, 110 (6th Cir. 1991), the courts' "duty to be 'less stringent' with pro se complaints does not require us to conjure up [unpleaded] allegations." <u>McDonald v. Hall</u>, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted).

B. <u>SUMMARY OF FACTS ALLEGED BY PLAINTIFF</u>

The allegations of the complaint are assumed true for purposes of the required PLRA screening.

On March 14, 2024, while Plaintiff was being transported from the Trousdale Turner Correctional Center ("TTCC") to the WTSP, the transport officer (identified by Plaintiff at this time as John Doe) rear-ended the lead transport van immediately after departing from the TTCC.

According to Plaintiff, John Doe was "playing on his phone, following to[o] close[ly], and driving faster than he should [have] been while approaching an intersection." (Doc. No. 1 at 5).

During impact, Plaintiff "was slung partially over and partially into" another inmate." (Id.) Plaintiff's upper body collided with the steel mash cage "at an awkward angle causing significant bruising" of Plaintiff's chest, head, and hand. (Id.) Plaintiff was denied medical attention at the scene "even though [he] could not breath[e] from the impact." (Id.)

C. ANALYSIS

Plaintiff brings his claims under Section 1983. Title 42 U.S.C. § 1983 creates a cause of action against any person who, acting under color of state law, abridges "rights, privileges, or immunities secured by the Constitution and laws . . . ." To state a claim under Section 1983, a plaintiff must allege and show two elements: (1) that he was deprived of a right secured by the Constitution or laws of the United States; and (2) that the deprivation was caused by a person acting under color of state law. Dominguez v. Corr. Med. Servs., 555 F.3d 543, 549 (6th Cir. 2009) (quoting Sigley v. City of Panama Heights, 437 F.3d 527, 533 (6th Cir. 2006)); 42 U.S.C. § 1983.

The complaint names two Defendants to this action: Vincent Vantell, the TTCC Deputy Warden, in his official capacity only; and the as-yet unidentified driver of the transport van, John Doe, in his individual capacity only. (Doc. No. 1 at 4).

A suit against Deputy Warden Vantell in his official capacity is equivalent to a claim against the entity that employs the warden, in this case CoreCivic. See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 690 n.55 (1978) ("[O]fficial-capacity suits generally represent only another way of pleading an action against an entity of which an officer is an agent"); see also https://www.tn.gov/correction/state-prisons/state-prison-list/trousdale-turner-correctional-center.html (last visited Apr. 17, 2024). Because it performs a traditional state function in operating a state prison, CoreCivic acts under the color of state law. Street v. Corr. Corp. of Am., 102 F.3d 810, 814

4

(6th Cir. 1996). CoreCivic, however, is not entitled to Eleventh Amendment immunity and may be liable under Section 1983 "if its official policies or customs resulted in injury to the plaintiff." O'Brien v. Mich. Dep't of Corr., 592 F. App'x 338, 341 (6th Cir. 2014); see also Mason v. Doe, No. 3:12CV-P794-H, 2013 WL 4500107, at *1 (W.D. Ky. Aug. 21, 2013) (collecting cases) ("a private corporation may be liable under § 1983 when an official policy or custom of the corporation causes the alleged deprivation of a federal right").

To hold CoreCivic liable, Plaintiff cannot rely on the theory of respondeat superior or vicarious liability. See Street, 102 F.3d at 818. Liability attaches only if CoreCivic's policies were shown to be the "moving force" behind Plaintiff's injury or injuries. City of Canton v. Harris, 489 U.S. 378, 388 (1989). Here, however, the complaint does not describe how a CoreCivic policy is responsible in full or in part for Plaintiff's injuries. Therefore, for purposes of the initial screening of Plaintiff's claims against Deputy Warden Vantell in his official capacity (which are actually claims against CoreCivic) required by the PLRA, the Court finds that the complaint fails to state a Section 1983 claim upon which relief may be granted against CoreCivic.

Next, the complaint names the as-yet unidentified driver of the transport van, John Doe, as a Defendant in his individual capacity only. (Doc. No. 1 at 4). Because a private company performing the "exclusive government function" of operating a prisoner transport vehicle operates as a state actor in that situation, see Correctional Servs. Corp. v. Malesko, 543 U.S. 61, 71 n.5 (2001), the Court will assume[1] for purposes of the required PLRA screening that John Doe was operating as a state actor when transporting Plaintiff on March 14, 2024, and therefore is subject to suit under Section 1983. Construing the allegations of the pro se complaint liberally, the complaint alleges that Doe was driving in such a manner that he caused the vehicle accident in which Plaintiff was injured.

---

[1] The complaint does not state whether the van driven by John Doe was operated by a private company.

Prison officials transporting prisoners can violate the Eighth Amendment, which applies to convicted prisoners,[2] for driving in a dangerous manner. See Hendrix v. Hudson, No. 20-13200, 2023 WL 3043273, at *3 (E.D. Mich. Apr. 21, 2023). Prison officials must "take reasonable measures to guarantee the safety of the inmates[.]" Id. (citing Farmer v. Brennan, 511 U.S. 825, 832 (1994)). For failure-to-prevent-harm claims, an Eighth Amendment violation may be established when an inmate shows (1) "that he is incarcerated under conditions posing a substantial risk of serious harm," and (2) that the prison official acted with "'deliberate indifference' to inmate health or safety." Farmer, 511 U.S. at 834.

To establish the objective component of Farmer, a plaintiff must allege an "excessive risk." Schack v. City of Taylor, 177 F. App'x 469, 472 (6th Cir. 2006) (citing Farmer, 511 U.S. at 837). Simply because a prisoner sustains a serious injury "does not necessarily indicate a substantial risk of such an injury." Id. Instead, constitutionally excessive risk is "so grave that it violates contemporary standards of decency to expose anyone unwillingly to such a risk[,]" id., and "not one that today's society chooses to tolerate." Helling v. McKinney, 509 U.S. 25, 36 (1993). Relevant to this case, courts have recognized that "using a cell phone while driving can pose a risk of harm to passengers." Hendrix, 2023 WL 3043273, at *4 (citation omitted). Court also have recognized the importance of attentive driving while transporting people. Id. at *3.

To establish the subjective component of Farmer, a plaintiff must prove a defendant acted with "more than mere negligence." Id. at 835. It does not require conduct carried out "for the very purpose of causing harm or with knowledge that harm will result." Id. In other words, "acting or failing to act with deliberate indifference to a substantial risk of serious harm to a prisoner is the equivalent of recklessly disregarding that risk." Id. at 836. Here, although the complaint does not

---

[2] The complaint does not indicate whether Plaintiff was a pretrial detainee or a convicted prisoner at the time of the transport. The Court assumes for purposes of the required PLRA screening that Plaintiff was a convicted prisoner.

allege Doe's state of mind while driving, the Court finds that it is not appropriate at this time to dismiss Plaintiff's Eighth Amendment driving claim against Doe. The Court will permit Plaintiff to amend his complaint to clarify whether Doe acted negligently or with a deliberate indifference to Plaintiff's health or safety.[3] See Scott v. Becher, 736 F. App'x 130, 133 (6th Cir. 2018) (reversing a finding of qualified immunity for a corrections officer who "was driving above the speed limit, swerving, and generally driving recklessly," and when the passenger inmates "begged him to slow down, before they all died," he refused, laughed, and instead accelerated.").

Although the complaint here does not name as a defendant the entity that transported Plaintiff on March 14, 2024, various district courts have allowed plaintiffs to proceed with claims brought pursuant to Section 1983 against private corporations that provide prison transport services. See, e.g., Dykes v. Inmate Servs. Corp., No. 9:14-cv-3609-RMG-MGB, 2017 WL 9286983, at *25 (D. S.C. Jan. 23, 2017) (recommending the denial of summary judgment and finding that defendant prisoner transport service was a state actor because it contracted with state agency to transport persons in custody to another detention facility); Lewis v. Extradition Transport of Am., No. CV 13-138-M-DWM-JCI, 2014 WL 494573, at *4 & n.2 (D. Mon. Feb. 5, 2014) (presuming that Extradition Transport was operating as a state actor for § 1983 purposes); Schilling v. TransCor America, LLC, No. C 08-941-SI, 2008 WL 3463510 (N.D. Cal. Aug. 11, 2008) (allowing constitutional claims against private transport company to proceed without deciding state action issue); Dailey v. Hunter, No. 04-392, 2006 WL 4847739 (M.D. Fla. March 22, 2006) (plaintiff sufficiently pleaded that the defendant transport company acted under color of state law for Section 1983 purposes based on the transport company's alleged contract for prisoner transportation with county jail); Irons v. TransCor

---

[3] "[M]ore than negligence is required for an Eighth Amendment claim." Hudson, 2023 WL 3043273, at *4 (citing Rhodes v. Michigan, 10 F.4th 665, 678 (6th Cir. 2021). "Where a prison official's conduct is merely negligent—i.e., where simply an accident has occurred—there is no viable claim." Rhodes, 10 F.4th 665, 678 (citing Santiago v. Ringle, 734 F.3d 585, 592 (6th Cir. 2013); LeMarbe v. Wisneski, 266 F.3d 429, 435 (6th Cir. 2001). "But where a prison official acts with greater culpability—say, with recklessness—we can no more say that only an accident occurred than where an imprisoned person 'is in her cell when a fire breaks out' and the 'prison guard . . . fails to unlock the cell door.'" Id. (citations omitted).

7

Am., Inc., No. 01-4328, 2006 WL 618856 (E.D. Pa. March 9, 2006) (denying summary judgment in Section 1983 action because there existed a genuine issue of material fact as to whether the defendant transport company was a state actor since private prison companies obtain custody over prisoners only by way of state authorization and plaintiff established that "defendants exercised control over him comparable to incarceration"); Wine v. Dep't of Corrs., No. 00-C-704-C, 2000 WL 34229819 (W.D. Wis. Dec. 27, 2000) (finding that it would be inappropriate to dismiss transport company as a defendant in Section 1983 action because plaintiff had alleged facts sufficient to proceed against the transport company as a state actor). The Court will permit Plaintiff to amend his complaint to add the entity that transported Plaintiff on March 14, 2024, as a defendant to this action, if the facts so warrant.

Next, the complaint alleges that John Doe is the individual, or one of the individuals, who denied medical treatment to Plaintiff at the scene of the accident. To establish a violation of his constitutional rights resulting from a denial of adequate medical care, a plaintiff must show that the defendant was deliberately indifferent to the plaintiff's serious medical needs. Estelle v. Gamble, 429 U.S. 97, 106 (1976); Brooks v. Celeste, 39 F.3d 125, 127 (6th Cir. 1994).

A claim of deliberate indifference to a prisoner's medical needs under the Eighth Amendment has both an objective and subjective component. Rouster v. Cnty. of Saginaw, 749 F.3d 437, 446 (6th Cir. 2014). A plaintiff satisfies the objective component by alleging that the prisoner had a medical need that was "sufficiently serious." Id. (quoting Farmer, 511 U.S. at 834). A plaintiff satisfies the subjective component "by alleging facts which, if true, would show that the official being sued subjectively perceived facts from which to infer substantial risk to the prisoner, that he did in fact draw the inference, and that he then disregarded that risk." Id.

Here, the complaint alleges that Plaintiff sustained injuries (a temporary inability to breathe, bruising) during transport. Superficial physical conditions, such as minor "cuts, bruising, and swelling" are not "serious medical needs" requiring constitutionally guaranteed medical treatment.

Burgess v. Fischer, 735 F.3d 462, 476 (6th Cir. 2013) (citation omitted). However, the Sixth Circuit has explained that symptoms associated with asphyxia—"wheezing" and "difficulty breathing"—"are quite obvious and recognizable even to a lay person." Harrison v. Ash, 539 F.3d 510, 519 (6th Cir. 2008). Thus, it is possible a jury could determine that Plaintiff's temporary inability to breathe immediately following the incident constituted a serious medical need.

As to the John Doe Defendant's state of mind, the complaint alleges that he refused to procure immediate, on-site medical treatment for Plaintiff even though, according to the complaint, Plaintiff informed Doe of his inability to breathe.

The court finds that these allegations, "if true, would show that the [defendant] being sued subjectively perceived facts from which to infer substantial risk to the prisoner, that [he] did in fact draw the inference, and that [he] then disregarded that risk." Id. Consequently, the Court finds that the complaint sets forth a non-frivolous Eighth Amendment claim against the John Doe Defendant in his individual capacity under Section 1983 for deliberate indifference to Plaintiff's serious medical needs. This claim will proceed for further development of the record.

### III. MOTION TO APPOINT COUNSEL

Plaintiff seeks the appointment of counsel. (Doc. No. 3). He states that the issues in this case are meritorious, his ability to investigate the facts are limited, cross-examination of witnesses may be needed, he is not an attorney, and he "may suffer from certain mental or physical disabilities that would most certainly exacerbate the case." (Id. at 1-2).

The Supreme Court has held that "an indigent's right to appointed counsel exists only where the litigant may lose his physical liberty if he loses the litigation." Lassiter v. Dep't of Social Servs., 452 U.S. 18, 25 (1981). Thus, unlike criminal proceedings, there is no constitutional right to an appointed counsel in a civil action, such as this action. Willett v. Wells, 469 F. Supp. 748, 751 (E.D. Tenn. 1977), aff'd, 595 F.2d 1227 (6th Cir. 1979); see Williamson v. Autorama, Inc., No. 91-5759,

9

947 F.2d 947 (6th Cir. 1991) (citing Willett favorably). The appointment of counsel for a civil litigant is a matter within the discretion of the district court and will occur only under exceptional circumstances. Lavado v. Keohane, 992 F.2d 601, 604-05 (6th Cir. 1993).

Here, Plaintiff's lack of legal training is typical to most pro se prisoner litigants. See Debow v. Bell, No. 3:10-cv-1003, 2010 WL 5211611, at *1 (M.D. Tenn. Dec. 15, 2010) (inmates are typically indigent, legally untrained, pro se litigants). It does not appear that either the factual or legal circumstances of this case are so complex as to constitute "exceptional circumstances" necessitating the appointment of counsel. Plaintiff has filed a complaint, an Application for Leave to Proceed In Forma Pauperis and supporting documents, and a motion seeking counsel. The Court finds that Plaintiff is effectively representing his own interests to date. See, e.g., Flores v. Holloway, No. 3:17-cv-00246, 2017 WL 2812908 at *2 (M.D. Tenn. June 29, 2017) (denying motion for the appointment of counsel when petitioner submitted a "lengthy petition" demonstrating his ability to litigate his case). Although Plaintiff states that he "may" suffer from a mental or physical disability, he does not explain how such disability affects his ability to prosecute this case, and there is no evidence in the current record demonstrating that Plaintiff has been ineffective in his pursuits thus far because of such a disability.

Accordingly, the Court finds that the interests of justice do not require the appointment of counsel at this time. Plaintiff's Motion for the Appointment of Counsel (Doc. No. 3) therefore is **DENIED WITHOUT PREJUDICE**. Plaintiff may renew this motion at a later time if the circumstances warrant.

### IV. CONCLUSION

Having screened the complaint pursuant to the PRLA, the Court finds that the complaint fails to state a Section 1983 claim upon which relief can be granted against Deputy Warden Vantell in his official capacity, which is a claim against CoreCivic. That claim is **DISMISSED**.

The complaint sets forth a non-frivolous Eighth Amendment claim against the John Doe Defendant in his individual capacity under Section 1983 for deliberate indifference to Plaintiff's serious medical needs. This claim will proceed for further development of the record.

With regard to Plaintiff's Eighth Amendment driving-based claim against John Doe in his individual capacity, Plaintiff may amend his complaint to clarify whether Doe acted negligently or with a deliberate indifference to Plaintiff's health or safety. Further, the Court will permit Plaintiff to amend his complaint to add the entity that transported Plaintiff on March 14, 2024, as a defendant to this action, if the facts so warrant. Any such amended complaint **MUST** be filed within 30 days of entry of this Memorandum Opinion and Order.

If Plaintiff submits a timely amended complaint, the Court will screen the amended complaint pursuant to the PLRA upon receipt. If not, at the expiration of the 30-day period, Plaintiff's viable claim will be referred to the Magistrate Judge, and all other claims will be dismissed.

IT IS SO ORDERED.

WAVERLY D. CRENSHAW, JR.
UNITED STATES DISTRICT JUDGE