UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| **RAMSEY WILLIAM HARRIS #382516,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | **No. 3:24-cv-00457** |
| v. ) | |
| ) | |
| **VINCENT VANTELL,** *et al.,* ) | |
| ) | |
| **Defendants.** ) | |

### MEMORANDUM OPINION AND ORDER

Ramsey William Harris, an inmate of the West Tennessee State Penitentiary ("WTSP") in Henning, Tennessee, filed this pro se action under 42 U.S.C. § 1983 against Vincent Vantrell and John Doe. (Doc. No. 1).

Pending before the Court are two matters: Plaintiff's Motion to Reconsider the Court's previous denial of Plaintiff's Motion to Appoint Counsel (Doc. No. 8) and the required screening of Plaintiff's Amended Complaint pursuant to the Prison Litigation Reform Act.

### I. MOTION TO RECONSIDER

By Memorandum Opinion and Order entered on April 22, 2024, the Court, inter alia, denied Plaintiff's Motion to Appoint Counsel without prejudice (Doc. No. 6 at 9-10). Plaintiff thereafter filed a motion asking the Court to reconsider that decision. (Doc. No. 8).

Because the Court's prior Memorandum Opinion and Order did not result in a final dismissal of this action and the entry of final judgment, the Court may reconsider its denial of Plaintiff's motion seeking the appointment of counsel.

In his Motion to Reconsider, Plaintiff "hope[s] to enlighten" the Court on his circumstances. (Doc. No. 8 at 1). He states that all the legal work he has submitted to the Court to date "has been

1

under the direction of a prison legal aid." (Id.) Plaintiff asks the Court to grant him "the assistance of a more seasoned and experienced individual in moving forward with this case." (Id.)

As the Court explained previously, a plaintiff in a civil case (such as this one) is not entitled to the appointment of counsel. See Willett v. Wells, 469 F. Supp. 748, 751 (E.D. Tenn. 1977), aff'd, 595 F.2d 1227 (6th Cir. 1979); see Williamson v. Autorama, Inc., No. 91-5759, 947 F.2d 947 (6th Cir. 1991) (citing Willett favorably). The appointment of counsel in a civil case occurs only under exceptional circumstances. Lavado v. Keohane, 992 F.2d 601, 604-05 (6th Cir. 1993).

The materials Plaintiff has submitted to date, which he states have been prepared with the assistance of a prison legal aid, have adequately advanced Plaintiff's interests in this case. Although Plaintiff would prefer the assistance of an attorney, Plaintiff's circumstances as described are not exceptional, and he is not entitled to a court-appointed attorney at this time. Thus, Plaintiff's Motion to Reconsider (Doc. No. 8) is **DENIED** without prejudice. Should circumstances change, Plaintiff may renew his request.

## II. PLRA SCREENING OF THE AMENDED COMPLAINT

By Memorandum Opinion and Order entered on April 22, 2024, the Court screened the Complaint pursuant to the Prison Litigation Reform Act ("PLRA") and found that the Complaint failed to state a claim upon which relief can be granted under Section 1983 against Deputy Warden Vantrell in his official capacity. (Doc. No. 6). That claim, therefore, was dismissed. However, the Court found that the Complaint stated a colorable Section 1983 claim against Defendant John Doe in his individual capacity for deliberate indifference to Plaintiff's serious medical needs. All other claims were subject to dismissal for various reasons, as set forth in the Court's prior Memorandum Opinion and Order.

The Court permitted Plaintiff to amend his Complaint, if he so desired, to clarify with respect to his Eighth Amendment driving-based claim whether John Doe acted negligently or with a

2

Case 3:24-cv-00457   Document 10   Filed 05/24/24   Page 2 of 5 PageID #: 58

deliberate indifference to Plaintiff's health or safety. Further, the Court permitted Plaintiff to amend his complaint to add the entity that transported Plaintiff on March 14, 2024, as a defendant to this action, if the facts so warrant.

The Court instructed Plaintiff to file any amended complaint no later than May 22, 2024. (Doc. No. 6 at 1a). Plaintiff thereafter timely complied (Doc. No. 7), and the Court now must now consider whether Plaintiff's Amended Complaint states a claim upon which relief be granted under Section 1983. This screening is required by the Prison Litigation Reform Act.

In the Amended Complaint, Plaintiff alleges[1] that Defendant Joe Doe acted with deliberate indifference to Plaintiff's (and the other van passengers') health or safety on March 14, 2024, while Doe was transporting Plaintiff and others. Specifically, Plaintiff alleges that Doe "disregarded the request to leave his cell phone alone by [Doe's] accompanying officer" and drove too fast while distracted, causing the collision in which Plaintiff sustained injuries. (Doc. No. 7 at 1-2).

To establish the subjective component[2] of Farmer v. Brennan, 511 U.S. 825 (1994), a plaintiff must prove a defendant acted with "more than mere negligence." Id. at 835. It does not require conduct carried out "for the very purpose of causing harm or with knowledge that harm will result." Id. As the Supreme Court has explained, "acting or failing to act with deliberate indifference to a substantial risk of serious harm to a prisoner is the equivalent of recklessly disregarding that risk." Id. at 836. Applying this precedent, the Court finds that Plaintiff has amended his complaint to state a colorable Eight Amendment claim under Section 1983 against John Doe in his individual capacity based on Doe's driving of the transport van. See Scott v. Becher, 736 F. App'x 130, 133 (6th Cir. 2018) (reversing a finding of qualified immunity for a corrections officer who "was driving above the speed

---

[1] Plaintiff also clarifies that he was a convicted prisoner at the time of his transport, not a pretrial detainee. (See Doc. 7 at 2; Doc. No. 6 at 6 n.2).

[2] The Court previously found that Plaintiff's initial complaint adequately alleged Farmer's objective component. (See Doc. No. 6 at 6).

3

limit, swerving, and generally driving recklessly," and when the passenger inmates "begged him to slow down, before they all died," he refused, laughed, and instead accelerated."). This claim shall proceed.

The Amended Complaint did not add the entity that transported Plaintiff on March 14, 2024, as a defendant to this action.

To summarize the Court's screening of the Complaint and Amended Complaint, the following claims shall proceed: an Eighth Amendment claim against the John Doe Defendant in his individual capacity under Section 1983 for deliberate indifference to Plaintiff's serious medical needs and an Eighth Amendment claim against the John Doe Defendant in his individual capacity under Section 1983 for deliberate indifference to Plaintiff's health or safety arising from Doe's driving of the prisoner transport van on March 14, 2024.

The Complaint fails to state a Section 1983 claim upon which relief can be granted against Deputy Warden Vantell in his official capacity, which is a claim against CoreCivic. The Court previously dismissed that claim. (See Doc. No. 10 at 6).

Consequently, the Clerk is instructed to send Plaintiff a service packet (a blank summons and USM 285 form) for the remaining Defendant. Plaintiff **MUST** complete the service packet and return it to the Clerk's Office within 30 days of the date of entry of this Order. Upon return of the service packet, **PROCESS SHALL ISSUE** to the remaining Defendant.

Pursuant to 28 U.S.C. §§ 636(b)(1)(A) and (B), this action is **REFERRED** to the Magistrate Judge to enter a scheduling order for the management of the case, to dispose or recommend disposition of any pre-trial, non-dispositive motions, to issue a Report and Recommendation on all dispositive motions, and to conduct further proceedings, if necessary, under Rule 72(b), Fed. R. Civ. P., and the Local Rules of Court. The Court's determination that the complaint states a colorable claim for purposes of this initial screening does not preclude the Court from dismissing any claim at

4

any time for seasons set forth in 28 U.S.C. § 1915(e)(2), nor does it preclude any Defendant from filing a motion to dismiss any claim under Federal Rule of Civil Procedure 12.

Plaintiff is advised that process cannot be served upon any Defendant until the full name of the individual involved in the alleged incident has been determined.

Plaintiff is forewarned that his prosecution of this action will be jeopardized if he should fail to keep the Clerk's Office informed of his current address.

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
UNITED STATES DISTRICT JUDGE

5

Case 3:24-cv-00457    Document 10    Filed 05/24/24    Page 5 of 5 PageID #: 61