UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| RAMSEY WILLIAM HARRIS,<br><br>    Plaintiff,<br><br>v.<br><br>VINCENT VANTELL et al.,<br><br>    Defendants. | Case No. 3:24-cv-00457<br><br>Judge Waverly D. Crenshaw, Jr.<br>Magistrate Judge Alistair E. Newbern |

## MEMORANDUM ORDER

This Order addresses a motion to deem a summons improperly served (Doc. No. 14) and the status of service of process in pro se and *in forma pauperis* Plaintiff Ramsey William Harris's suit against Vincent Vantell, the deputy warden of the Trousdale Turner Correctional Center (TTCC), and as-yet-unidentified Defendant "John Doe #1." (Doc. No. 1.) After screening Harris's complaint (Doc. Nos. 6, 10) as required by the Prison Litigation Reform Act, 28 U.S.C. §§ 1915(e)(2) and 1915A, the Court determined that Harris failed to plead any claim upon which relief can be granted against Vantell but that Harris stated two colorable Section 1983 claims against John Doe #1 in his individual capacity (*Id.*).

For the reasons that follow, the Court will grant Vantell's motion (Doc. No. 14) and order Harris to return a service packet addressed only to the individual he has identified to be John Doe #1.

**I.    Background**

The Court screened Harris's original complaint and dismissed Vantell from the action on April 22, 2024. (Doc. No. 6.) In that order, the Court directed Harris to file an amended complaint within thirty days. (*Id.*) Harris filed an amended complaint on May 8, 2024, naming only "John

Doe #1" as a defendant. (Doc. No. 7.) Harris describes John Doe #1 as a "transport driver . . . who is an employee of CoreCivic" and who, while transporting Harris, rear-ended another transport van because "he was distracted with his cell phone[.]" (*Id.*) Harris states that, in the collision, he was "slung over and ½ onto an inmate directly in front of [him] resulting in [his] upper body colliding with the mesh cage at an [awkward] angle knocking all the breath out of [him.]" (*Id.*) Harris states that, despite requesting immediate medical attention, he "lay on the floor of the transport vehicle for several agonizing minutes before [he] was able to retain a normal breath." (*Id.*)

The Court screened Harris's amended complaint and allowed two claims to proceed: "an Eighth Amendment claim against the John Doe Defendant in his individual capacity under Section 1983 for deliberate indifference to Plaintiff's serious medical needs and an Eighth Amendment claim against the John Doe Defendant in his individual capacity under Section 1983 for deliberate indifference to Plaintiff's health or safety arising from Doe's driving of the prisoner transport van on March 14. 2024." (Doc. No. 10.) The Court further "advised [Harris] that process cannot be served upon any Defendant until the full name of the individual involved in the alleged incident has been determined." (*Id.*)

On June 25, 2024, the Court issued a summons addressed by Harris to "John Doe Vincent Vantell" at TTCC (Doc. No. 12). The U.S. Marshals Service sent the summons to TTCC by certified mail, where TTCC employee Renea Watts accepted service believing the summons to be for Vantell. (Doc. Nos. 13, 14.)

On July 30, 2024, Vantell filed a motion to deem the summons improperly served on grounds that he is no longer a party to this action and that Watts accepted the summons on his behalf in error. (Doc. No. 14.) On July 31, 2024, the Court notified Harris that he could file any

2

Case 3:24-cv-00457    Document 17    Filed 03/06/25    Page 2 of 7 PageID #: 86

response "no later than 14 days after service of the motion" and stayed Vantell's deadline to respond to the summons pending the Court's resolution of his motion. (Doc. No. 15.) Harris has not responded to Vantell's motion and has not filed anything in the case since June 3, 2024 (Doc. No. 11).

II.     **Legal Standard**

"[T]he requirement of proper service of process 'is not some mindless technicality[,]'" *Friedman v. Est. of Presser*, 929 F.2d 1151, 1156 (6th Cir. 1991) (quoting *Del Raine v. Carlson*, 826 F.2d 698, 704 (7th Cir. 1987)), nor is it "meant to be a game or obstacle course for plaintiffs[,]" *Ace Am. Ins. Co. v. Meadowlands Dev. Ltd. P'ship*, 140 F. Supp. 3d 450, 455 (E.D. Pa. 2015). Rather, it goes to the very heart of a court's ability to hear a case. "[W]ithout proper service of process, consent, waiver, or forfeiture, a court may not exercise personal jurisdiction over a named defendant." *King v. Taylor*, 694 F.3d 650, 655 (6th Cir. 2012); *see also Mann v. Castiel*, 681 F.3d 368, 372 (D.C. Cir. 2012) (explaining that "[s]ervice is . . . not only a means of 'notifying a defendant of the commencement of an action against him,' but 'a ritual that marks the court's assertion of jurisdiction over the lawsuit'" (citation omitted)). Where personal jurisdiction is not properly established, a court cannot exercise its authority consistent with due process of law. *See Friedman*, 929 F.2d at 1156–57.

Federal Rule of Civil Procedure 4(m) provides that "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). The Court must extend the time for service upon a showing of good cause, and the Court may exercise its discretion to permit late service even where a plaintiff has not shown good cause. *United States v. Oakland Physicians Med. Ctr., LLC*, 44 F.4th 565, 568 (6th Cir. 2022) (first citing Fed. R. Civ. P. 4(m); and then citing *Henderson*

*v. United States*, 517 U.S. 654, 662 (1996)). Otherwise, the language of Rule 4(m) mandates dismissal, either on motion or sua sponte. Fed. R. Civ. P. 4(m); *see also Byrd v. Stone*, 94 F.3d 217, 219 & n.3 (6th Cir. 1996). In light of this plain language, it is well established that Rule 4(m) empowers a court to dismiss complaints without prejudice "upon the court's own initiative with notice to the plaintiff." *Hason v. Med. Bd. of Cal.*, 279 F.3d 1167, 1174 (9th Cir. 2002); *see also Friedman*, 929 F.2d at 1155 n.4 (noting that "the issue of ineffective service of process may be raised sua sponte").

Moreover, when, as here, a plaintiff proceeds IFP, "[t]he officers of the court shall issue and serve all process, and perform all duties in such cases." 28 U.S.C. § 1915(d). Rule 4(c) "dovetails" with § 1915, *Byrd v. Stone*, 94 F.3d 217, 219 (6th Cir. 1996), by providing that "[t]he court must" "order that service be made by a United States marshal or deputy marshal or by a person specially appointed by the court" "if the plaintiff is authorized to proceed in forma pauperis under 28 U.S.C. § 1915 . . . ." Fed. R. Civ. P. 4(c)(3).

> Together, Rule 4(c)[(3)] and 28 U.S.C. § 1915([d]) stand for the proposition that when a plaintiff is proceeding in forma pauperis the court is obligated to issue plaintiff's process to a United States Marshal who must in turn effectuate service upon the defendants, thereby relieving a plaintiff of the burden to serve process once reasonable steps have been taken to identify for the court the defendants named in the complaint.

*Byrd*, 94 F.3d at 219.

That does not mean, however, that an incarcerated pro se plaintiff proceeding IFP automatically shows good cause for extending the Rule 4(m) deadline when the Marshals Service has been unable to effect service of process on a defendant. Courts in this circuit consider the IFP plaintiff's conduct and the totality of the circumstances in determining whether good cause exists to extend the Rule 4(m) deadline. For example, in *Abel v. Harp*, the Sixth Circuit considered the fact that the plaintiff diligently attempted to contact the Marshals Service "when he knew there

4

Case 3:24-cv-00457    Document 17    Filed 03/06/25    Page 4 of 7 PageID #: 88

was a problem with service on the defendants" and also considered the fact that "[t]he Marshals Service [incorrectly] advised [the plaintiff] that it had served all of the defendants" before holding that good cause existed to extend the Rule 4(m) deadline. 122 F. App'x 248, 252 (6th Cir. 2005). By contrast, in *VanDiver v. Martin*, the court found that a pro se incarcerated IFP plaintiff failed to show good cause to extend the Rule 4(m) deadline where the plaintiff "remained silent after being put on notice that [ ] Defendants had not been served" at the address he provided because the defendants "no longer worked for the Michigan Department of Corrections." 304 F. Supp. 2d 934, 941, 942 (E.D. Mich. 2004); *see also Freeman v. Collins*, Civ. Action No. 2:08-cv-00071, 2011 WL 4914873, at *5 (S.D. Ohio Aug. 15, 2011) (finding that pro se incarcerated IFP plaintiff failed to show good cause to extend Rule 4(m) deadline where he "took no action to cure the lack of service for a significant period . . ."). Similarly, in *Staub v. Nietzel*, the Sixth Circuit found that good cause did not exist to extend the Rule 4(m) deadline despite an "administrative snafu" in which the Clerk of Court did not issue a summons for the unserved defendant because the plaintiff "was on notice" that the defendant remained unserved, failed to inquire about the status of service or provide additional information for service to the court, and "fail[ed] to provide any reasonable explanation for sitting idly by for six years[.]" Case No. 22-5384, 2023 WL 3059081, at *8–9 (6th Cir. Apr. 24, 2023).

### III. Analysis

#### A. Motion to Deem the Summons Issued to "John Doe Vincent Vantell" Improperly Served (Doc. No. 14)

Harris has not responded to Vantell's motion to deem the summons addressed to "John Doe Vincent Vantell" improperly served (Doc. No. 14), and the Court may grant the motion on that basis. Regardless, there is no dispute that Vantell was dismissed from this action by the Court's initial screening order (Doc. No. 6) and that Harris's amended complaint names only "John Doe

5

Case 3:24-cv-00457   Document 17   Filed 03/06/25   Page 5 of 7 PageID #: 89

#1" as a defendant (Doc. No. 7). Because Vantell is no longer a party, the summons was improperly addressed to him. Vantell's motion will be granted and he need take no further action in response to the summons.

### B. Service of Process

It has been more than nine months since Harris filed his amended complaint against John Doe #1, but Harris has not identified John Doe #1 and John Doe #1 has not been served. Harris has far exceeded the time allotted for service under Federal Rule of Civil Procedure 4(m). However, recognizing his pro se and IFP status, the Court will give Harris one last opportunity to identify John Doe #1 and request a summons properly addressed to that person. The Court will provide a blank service packet to Harris with this Memorandum Order. Harris will be ordered to return the service packet addressed to the individual he has identified as John Doe #1 by April 3, 2024.

Harris is reminded that the ultimate responsibility for identifying John Doe and his correct service address rests with him.

## IV. Conclusion

For these reasons, Vantell's motion to deem the summons addressed to "John Doe Vincent Vantell" improperly served (Doc. No. 14) is GRANTED.

The Clerk's Office is DIRECTED to provide Harris with a blank service packet with this Memorandum Order.

Harris is ORDERED to return the service packet addressed to the person he has identified as John Doe #1 by April 3, 2025.

Harris is reminded that failure to respond to this Order by April 3, 2025, or failure to identify John Doe #1 so that he can be served with process may result in a recommendation that his case be dismissed without prejudice.

It is so ORDERED.

_____
ALISTAIR E. NEWBERN
United States Magistrate Judge