UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| RAMSEY WILLIAM HARRIS,<br><br>    Plaintiff,<br><br>v.<br><br>VINCENT VANTELL et al.,<br><br>    Defendants. | Case No. 3:24-cv-00457<br><br>Judge Waverly D. Crenshaw, Jr.<br>Magistrate Judge Luke A. Evans |

To:    The Honorable Waverly D. Crenshaw, Jr., District Judge

## REPORT AND RECOMMENDATION

### I.    Relevant Background

Pro se Plaintiff Ramsey William Harris is an inmate at the West Tennessee State Penitentiary (WTSP) in Henning, Tennessee. (Doc. No. 1.) Using the verified complaint form for violations of civil rights under 42 U.S.C. § 1983, Harris initiated this action on April 16, 2024, alleging that then-Deputy Warden Vincent Vantell and an unidentified Tennessee Department of Corrections (TDOC) transport officer violated his rights when he was in TDOC custody and was involved in an automobile accident. (*Id.*)

As a pro se and incarcerated plaintiff, Harris applied for and was granted leave to proceed *in forma pauperis* (IFP), after which the Court screened Harris's complaint consistent with the 28 U.S.C. §§ 1915(e)(2) and 1915A. (Doc. Nos. 2, 6.) After screening the complaint, the Court dismissed all claims against Vantell and allowed Harris to proceed with an Eighth Amendment deliberate indifference claim against Defendant John Doe. (Doc. No. 6.) Since then, Harris has been unable to learn the identity of Doe and effect service of process.

Harris alleges that, on the morning of March 14, 2024, TDOC arranged to transport Harris and other inmates from the Trousdale Turner Correctional Center (TTCC) to the WTSP facility in Henning. (Doc. No. 1.) Harris further states that, shortly after leaving the TTCC facility, the driver, Doe, was distracted by his cellphone, following the lead transport van too closely, and speeding as he approached an intersection. (*Id.*) As a result, Doe rear-ended the lead transport van and the impact left Harris "slung partially over and partially into" another inmate and that his upper body was thrust into the van's "steel mesh cage at an awkward angle[.]" (*Id.* at PageID# 5.)

Harris alleges that the accident left him with significant bruising to his chest, head, and left hand and that he and others "were denied medical attention at [the] scene" even though the impact made breathing difficult. (Doc. No. 1.) Harris states that the inmates were not assessed or treated until their arrival at WTSP. (*Id.*) These allegations give rise to colorable claim that Doe violated Harris's rights under the Eighth Amendment through deliberate indifference to Harris's safety.

After the Court permitted Harris to proceed, it allowed him to amend his complaint "to clarify whether Doe acted negligently or with a deliberate indifference to Plaintiff's health or safety" and "to add the entity that transported Plaintiff on March 14, 2024, as a defendant to this action, if the facts so warrant." (Doc. No. 6.) Harris subsequently amended his complaint on May 8, 2024, and alleged that Doe was deliberately indifferent to the safety of Harris and the other passengers. (Doc. No. 7.)

Harris also sought reconsideration of the Court's denial of his request to appoint counsel contained within his original complaint. (Doc. No. 8.) The Court denied the motion and referred the matter to the Magistrate Judge under 28 U.S.C. §§ 636(b)(1)(A) and (B) to, in part, oversee service of process and dispose or recommend disposition of any dispositive motions. (Doc. No. 10.)

On July 16, 2024, a summons was returned executed reflecting that the U.S. Marshals Service effected service on John Doe #1 on July 9, 2024. (Doc. No. 13.) However, the attached summons reflects it was addressed to "John Doe Vincent Vantell[.]" (*Id.*) Consequently, Vantell filed a motion deem the summons improperly served (Doc. No. 14), and the Court granted the motion on March 6, 2025 and directed the Clerk's Office to provide Harris with another blank service packet to complete and return (Doc. No. 17).

There is no record of Harris returning a completed service packet and, instead, Harris filed the instant motion on April 8, 2025, wherein he states, in relevant part, that he "requests the courts to move forward and adhere to" his request to set aside because he "has at this time exhausted all or any proceedings at this point to the best of his abilities" and "because Plaintiff is only 9 months away from a possible parole release" whereafter "he'd be better equipped and in a financial position to retain counsel to proceed . . . ." (Doc. No. 18.) Harris further argues that he is in no position to learn the identity of the Doe Defendant. (*Id.*) Finally, Harris expresses concerns about his ability to fairly litigate the matter, opining that, previously, WTSP has interfered by allegedly failing or refusing to mail Harris's communications with the court. (*Id.*)

In light of Harris's pro se and IFP status, the Court liberally construes Harris's motion to set aside as a motion for voluntary dismissal without prejudice to refiling.

## II. Discussion

"A plaintiff may voluntarily dismiss a suit without a court order by filing a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment." *Tate v. Perry*, NO. 1:25-CV-00008, 2025 WL 1230443, at *1 (M.D. Tenn. Apr. 28, 2025) (Campbell, C.J.) (citing Fed. R. Civ. P. 41(a)(1)(A)(i)). "[A] voluntary dismissal without prejudice leaves the situation as if the action had never been filed." *Id.* (citing *Sherer v. Construcciones Aeronauticas, S.A.*, 987 F.2d 1246, 1247 (6th Cir. 1993)).

Here, Harris explains that he has advanced his case as far as possible as a pro se litigant and appears to suggest he would rather engage legal counsel if he chooses to pursue an action upon his release. (Doc. No. 18) As a result, the Court construes Harris's motion to set aside as effectively a motion for voluntary dismissal. And because the lone remaining defendant has not been served, made an appearance, nor filed an answer or motion for summary judgment, the Court finds that dismissal without prejudice under Rule 41(a)(1)(A)(i) is warranted.

## III.   Recommendation

For the foregoing reasons, the Magistrate Judge RECOMMENDS that Harris's motion for voluntary dismissal styled as a motion to set aside (Doc. No. 18) be GRANTED and Harris's amended complaint be DISMISSED WITHOUT PREJUDICE.

Any party has fourteen days after being served with this Report and Recommendation to file specific written objections. Failure to file specific objections within fourteen days of receipt of this Report and Recommendation can constitute a waiver of appeal of the matters decided. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Cowherd v. Million*, 380 F.3d 909, 912 (6th Cir. 2004). A party who opposes any objections that are filed may file a response within fourteen days after being served with the objections. Fed. R. Civ. P. 72(b)(2).

Entered this 13th day of February, 2026.

_____
LUKE A. EVANS
United States Magistrate Judge